UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH A. TRUSSELL,

    Plaintiff,

v.     Case No. 8:09-cv-811-T-33AEP

QUEST DIAGNOSTICS INC.,

    Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant's Motion for Involuntary Dismissal with Prejudice and an Award of Attorneys' Fees and Costs (Doc. # 18), which was filed on January 15, 2010. Plaintiff filed a Response in Opposition to the Motion to Dismiss on February 1, 2010. (Doc. # 22). For the reasons that follow, the Court denies the Motion to Dismiss.

**Analysis**

Defendant Quest Diagnostics, Inc. seeks an order of dismissal based on Defendant's belief that Plaintiff Joseph Trussell fabricated evidence and committed perjury during his deposition. Defendant supports its motion with conflicting testimony between Plaintiff Trussell and defense witness Jacqueline Connell as well as with the expert opinion of Dianne C. Flores, Defendant's handwriting expert. Ms. Flores

1

concludes that it was "very probably" Plaintiff who wrote certain initials on a piece of evidence and "very probably" not Ms. Connell that wrote the initials (contrary to Plaintiff's testimony). (Doc. # 18-10 at 8).

If Plaintiff admitted to committing perjury and fabricating evidence, the Court would consider entering an order of dismissal as the ultimate sanction as requested by Defendant. Dismissal for committing fraud upon the court is appropriate when "a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial systems's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." Vargas v. Peltz, 901 F. Supp. 1572, 1580 (S.D. Fla. 1995). The scheme to commit fraud on the court must be proved by clear and convincing evidence. Id. at 1580.

However, in this case, Plaintiff denies any wrong-doing. As argued by Plaintiff, "Litigation is based upon conflicting facts and testimony; it would be a rare case, indeed, to have no conflicting facts and testimony." (Doc. # 22 at 1).

The Court has examined the expert's report (Doc. # 18-10 at Exhibit "J") and determines that it does not constitute clear and convincing evidence that Plaintiff fabricated the

2

initials on the document in question. The expert's report states, "it is impossible to eliminate Ms. Connell or identify Mr. Trussell" as the author of the initials in questions on the document. (Doc. # 18-10 at 8).[1]

Defendant argues that this case is similar to Tesar v. Potter, 9:05-cv-956, 2007 U.S. Dist. LEXIS 70290 (D. S.C. Sep. 21, 2007). In Tesar, the court dismissed the plaintiff's case as a sanction for plaintiff's perjury. The plaintiff claimed his employer discriminated against him in violation of the Rehabilitation Act and Family Medical Leave Act (FMLA). Id. at *2. The defendant employer, on the other hand, maintained that the plaintiff was disciplined for taking unauthorized FMLA leave. Id. at *17. The plaintiff employee testified during his deposition that he remained at home during the period that he took FMLA leave to sleep and "convalesce". Id. at *2. It was later discovered that the plaintiff traveled to Costa Rica during that period, for a vacation. Id. at *17-18.

---

[1] The expert's report also lists certain limitations on the accuracy of the report: "when attempting to conduct a comparison of signatures on non-original documents, certain limitations are present. . . . Thus, it is not possible to conclusively identify the signer of a document when no inked original can be produced." (Doc. # 18-10 at 6).

3

When confronted with the irrefutable evidence (documentation from the Department of Homeland Security regarding the plaintiff's international travel to Costa Rica), the plaintiff recanted his testimony. Id. at *19. In dismissing the suit, the court noted, "to excuse plaintiff's deceitful conduct would erode the validity of the judicial system." Id. at *31.

The present case is similar to Tesar in that Defendant contends that its employee, Mr. Trussell, has committed perjury. However, this case is very different from Tesar because the plaintiff in Tesar was confronted with irrefutable proof that he committed perjury and he capitulated when confronted with the evidence. Here, Plaintiff Trussell has not been confronted with irrefutable evidence and he has not capitulated. Rather, Plaintiff Trussell maintains that he is telling the truth.

In this case, a jury must make a credibility determination between Mr. Trussell and Ms. Connell and must evaluate the expert's testimony. It is not this Court's role to make credibility determinations on a motion to dismiss. Thus, upon due consideration, the Court denies the motion to dismiss.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

Defendant's Motion for Involuntary Dismissal with Prejudice and an Award of Attorneys' Fees and Costs (Doc. # 18) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>24th</u> day of March 2010.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record